## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11, Subchapter V |
| QLESS, INC., | Case No. 24-11395 (BLS) |
| Debtor. | **Related Docket No. 125** |

### DEBTOR'S OPPOSITION TO
### MOTION TO CONTINUE CONFIRMATION HEARING

The debtor-in-possession (the "**Debtor**" or "**QLess**") in this chapter 11 case (the "**Bankruptcy Case**") files this opposition (the "**Objection**") to the *Motion to Continue the Confirmation Hearing* [Docket No, 125] (the "**Motion**") filed by Alex Backer, Ricardo Backer, Cerocaru Investment Trust, Xianzhong Chen, and Tom Mitchell (together referred to herein as the "**Alleged Claimants**").  The Debtor requests that the Court deny the request to continue the confirmation hearing.  In support of its Objection, the Debtor states:

### I.    RELEVANT BACKGROUND

1.    On June 19, 2024 (the "**Petition Date**"), the Debtor commenced this Case by filing a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2.    Pursuant to this Court's Standing Order dated September 14, 2020, an unsecured creditor or an equity security holder whose claim or interest is not scheduled or is scheduled as disputed, contingent, or unliquidated, has a proof of claim timely filed if it is filed not later than sixty (60) days after the date of the order for relief in each case.  In this case, the bar date for such claims was August 19, 2024 (the "**Bar Date**").  Notice of the Bar Date was filed on June 28, 2024 [Docket No. 40].

3.      At the June 21, 2024 first day hearing the Debtor informed the Court of the history of the litigation between the Alleged Creditors and the Debtor and that the Debtor believed the claims were completely fabricated and were interfering with the Debtor's operations and business prospects.  In addition, the Debtor informed the Court that it was the Debtor's desire to proceed expeditiously towards confirmation.  In fact, at that hearing the Court approved, on an interim basis, the *Interim Order (I) Authorizing and Approving Debtor to (A) Obtain Debtor in Possession Financing on a Junior Secured Basis and (B) Use Cash Collateral of Pre-Petition Secured Lender; (II) Scheduling a Final Hearing; and (III) Granting Related Relief* [Docket No. 27] (the "**Interim DIP Order**") which obligated the Debtor to file its chapter 11 plan (the "**Plan**") no later than  July 1, 2024[1].  The Alleged Creditors' counsel was physically present at the first day hearing but did not make an appearance.  Accordingly it was, or should have been very clear from day one of the case that the Debtor disputed the validity of any claims asserted by the Alleged Creditors and that the case would be proceeding quickly towards confirmation.

4.      The Debtor filed its schedule of assets and liabilities and statement of financial affairs (the "**Schedules**") on July 17, 2024. In the Schedules the Debtor listed the Alleged Creditors' claims as disputed, unliquidated and contingent.

5.      Counsel for Alleged Creditor Alex Backer did not file their notice of appearance until July 17, 2024.

6.      The Debtor filed the Plan on July 19, 2024 [Docket No. 70].

---

[1] The Court entered its *Final Order (I) Authorizing and Approving Debtor to (A) Obtain Debtor in Possession Financing on a Junior Secured Basis and (B) Use Cash Collateral of Pre-Petition Secured Lender and (II) Granting Related Relief* on July 17, 2024. The DIP Lender ultimately agreed to extend the deadline for filing the Plan until July 15, 2024.

7.      Counsel for the Alleged Creditors appeared at the July 19, 2024 Section 341a meeting and questioned the Debtor regarding a variety of topics.

8.      The Alleged Creditors did not appear at the July 31, 2024 status conference where the timing of plan confirmation was discussed.

9.      On August 2, 2024 Alleged Creditors' counsel requested a zoom meeting with Debtor's counsel.  In that meeting, Alleged Creditors' counsel (1) advised that they would be objecting to the Debtor's eligibility to be a subchapter v debtor, among other grounds; (2) asked whether the Debtor would agree to informal discovery; and (3) asked what the Debtor's position was with respect to the allowance of the Alleged Creditors' claims for voting purposes.

10.      Debtor's counsel responded that (1) the Debtor would not respond to informal discovery and requested that the Alleged Creditors propound formal discovery and the parties could the meet and confer on timing for production; (2) Alleged Creditors did not have claims because their claims were scheduled as disputed, unliquidated and contingent; (3) if the Alleged Creditors filed claims the Debtor would immediately object; and (4) the Alleged Creditors would then have the burden of filing a motion under Federal Rule of Bankruptcy Procedure 3018 to temporarily allow their claims for voting purposes.  **Accordingly, as of August 2 – 25 days in advance of the hearing set for confirmation – Alleged Creditors' counsel were aware that the Debtor would object to their claims promptly after they were filed and that the Debtor required formal discovery if the Alleged Creditors' wanted to obtain documents.**

11.      The next time the Debtor heard from the Alleged Creditors' counsel was on ***August 16, 2024*** when they sent a request for *informal discovery* identifying 17 categories of documents and communications (the "**Informal Discovery Request**").

12.      The Alleged Creditors filed their claims on **August 19, 2024,** the Bar Date.

13.     The Debtor responded to the Informal Discovery Request on **August 20, 2024.**  The

Debtor filed its objection to the Alleged Claims (the "**Claim Objections**") on **August 20, 2024.**[2]

## II.     OBJECTION

14.     The Court should deny the Motion and proceed with the confirmation hearing

scheduled for August 27, 2024 for several reasons.

15.     First, important business reasons justify proceeding quickly to confirmation.  Since

the first day of the case, the Debtor has signaled to all parties that it intended to proceed quickly

to confirmation.  The Interim DIP Order required the Debtor to file a Plan by July 1 – 12 days after

the case was commenced. Although the DIP Lender agreed to modify that date and the Plan was

not filed until July 19, 2024, it has been clear from the start that this would be a fast case and the

Debtor would seek confirmation on an expedited basis.

16.     Second, as a software company whose lifeblood is customers who rely on the

reliable availability of the Debtor's services, the Debtor is the type of business that is particularly

vulnerable to performance deterioration during a bankruptcy case.   In fact, the Debtor has faced

significant operational challenges while in chapter 11.   Competitors are attempting to poach the

Debtor's customers, with one competitor displaying prominently on its website that the Debtor's

customers will receive a 20% discount if they migrate to the competitor.  Several customers have

required shorter term renewals, monthly or quarterly, rather than the more customary annual

---

[2] Alleged Claimants contend that the Debtor's informal response was insufficient and that "*a number of Movants' informal discovery requests remained outstanding" Motion, para. 21.*  The only requests which the Debtor did not respond to were requests for" all documents" provided to the United States Trustee in connection with the United States Trustee's review of eligibility and "all documents" provided to the United States Trustee after the Section 341a meeting.  Each request is Alleged Claimants' lazy attempt at a fishing expedition and is a poor substitute for targeted discovery.  Alleged Claimants also complain that in an August 21 meeting the Debtor would not agree to provide them with anything further.  At that meeting Alleged Claimants requested proof of the amount of Celtic's claim and Brex's claim on the Petition Date.  Celtic has filed its *Statement of Celtic Bank Corporation in Response to Objection of Alex Backer and Certain Preferred Shareholders to Debtor's Subchapter V Eligibility and Plan* [Docket No. 126] which conclusively establishes the amount of Celtic's claim as of the petition date.  And the testimony at the confirmation hearing will be that Brex did not have any claim on the petition date.

renewals which is the industry norm.  Four customers have canceled their contracts citing the Debtor's bankruptcy case.  These changes are the direct result of the Debtor's bankruptcy case and are increasing the risk for continued customers defection away from QLess and will impact cash flow.  A number of material new customer prospects have indicated they will not enter into new contracts with the Debtor while it is in bankruptcy.  These prospects have very short timeframes for decision making and the opportunities will be lost absent quick emergence.  Based on the Company's plan for a quick emergence, the Company has informed its customers and new prospects that it intends to emerge on or about September 1st.  This is a well communicated date and has helped management maintain the customer base and stay in the game for certain new prospects.  Any delay will not only have negative consequences to revenues but will provide additional concerns and ammunition within the marketplace as to QLess viability (which should not be in doubt if it can emerge now).

17.    The Debtor needs to emerge from bankruptcy with a confirmed plan as quickly as possible and the Court should reject the Alleged Claimants' last minute attempt to derail the process to gain some type of perceived advantage in the Delaware Chancery Court litigation.

18.    The Alleged Claimants' dilatory action is the reason why there is a flurry of activity in the days leading up to the confirmation hearing.  Despite being told on August 2 that the Debtor would promptly object to any claim they filed necessitating a Rule 3018 motion, the Alleged Claimants waited until the last possible moment on August 19 to file their claims and then complained that the Debtor's filing of claim objections on August 20 was improper.  While the Debtor firmly believes that the Alleged Claimants' claims are completely without merit, the Debtor has agreed to temporarily allow Alleged Claimants claims for voting purposes only in order to

eliminate a side show on the amount of Alleged Claimants' claims at confirmation.  (See, the Debtor's Response to 3018 Motion [Docket No. 132]).

19.     Alleged Claimants also argue that a continuance is necessary to allow "reasonable discovery, briefing, and hearing schedule on subchapter V eligibility."   This case was pending for more than sixty days before Alleged Claimants filed a pleading raising their objection to the Debtor's eligibility to be a subchapter V debtor despite numerous opportunities to do so.   The confirmation hearing has been scheduled since July 19.   Alleged Claimants also questioned the Debtor's representative extensively at the July 19 Section 341a meeting on issues surrounding eligibility, apparently knowing full aware then that they would assert a challenge.   But no motion was ever filed.   Similarly, other than a belated August 16 informal discovery request (after being told on August 2 the Debtor would require formal discovery) Alleged Claimants did nothing to seek further information or pursue their objection.   Alleged Claimants belated request to put confirmation on hold while they pursue discovery and a separate hearing on eligibility is gamesmanship at is worst and a transparent attempt to derail the Debtor's reorganization.

20.     Lastly, Alleged Claimants attempt to use the Debtor's filing of an Amended Plan on August 21, 2024 as a basis for a continuance. Filing amended plans in advance of confirmation to address objections is commonplace.   And, in fact the Amended Plan addresses several of the Alleged Claimants' objections including those to the injunction, exculpation and gatekeeper provisions. The Debtor made these changes as a result of its discussions with the United States Trustee and the Subchapter V Trustee. These changes, along with the others reflected in the Amended Plan [Docket No. 122] are all improvements from the creditors and interest holders perspective and do not justify continuing the confirmation hearing.

21.     For these reasons the Debtor requests that the Court deny the Motion and proceed with the confirmation hearing on August 27, 2024.

WHEREFORE, the Debtor respectfully requests that the Court deny the request to continue the confirmation hearing.

Dated:  August 23, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)
Jeffrey N. Pomerantz (admitted pro hac vice)
Jordan A. Kroop (admitted *pro hac vice*)
Hayley R. Winograd (*pro hac vice* pending)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  joneill@pszjlaw.com
          jpomerantz@pszjlaw.com
          jkroop@pszjlaw.com
          hwinograd@pszjlaw.com

*Counsel to the Debtor in Possession*