IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| QLESS, INC.,[1] | Case No.: 24-11395 (BLS) |
| Debtor. | |

**MOTION OF ALEX BÄCKER FOR AUTHORITY TO FILE UNDER SEAL EXHIBITS TO THE RESPONSE OF ALEX BÄCKER TO DEBTOR'S SUBSTANTIVE OBJECTION**

Dr. Alex Bäcker ("Dr. Bäcker"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing Dr. Bäcker to file under seal the exhibits to the *Response of Alex Bäcker to Debtor's Substantive Objection to Proofs of Claim 11 and 13 Filed by Alex Backer* [D.I. 171] (the "Response") in connection with confidential commercial information. In support of this Motion, Dr. Bäcker respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtor's principal place of business and service address is 21 Miller Alley, Suite 210, Pasadena CA 91105.

**BACKGROUND**

2.  June 19, 2024, (the "Petition Date"), QLess, Inc. ("QLess" or the "Debtor") commenced this case by filing a voluntary petition for relief under subchapter v of chapter 11 of the Bankruptcy Code (the "Petition") [D.I. 1].[2]

3.  Dr. Bäcker filed two proofs of claim against the Debtor's bankruptcy estate, which were assigned Claim No. 11 and 13, which related to the termination of Dr. Bäcker's employment which claim was arbitrated and the litigation pending in Chancery Court, respectively.

4.  On August 20, 2024, the Debtor filed *Debtor's Substantive Objection to Proofs of Claim 11 & 13 (Substantive)* [D.I. 110] (the "Objection").

5.  On September 18 2024, Dr. Bäcker filed the Response, which includes as exhibits confidential documents used in the arbitration trial that were marked confidential by Qless, which would be detrimental if publicly disclosed (collectively, the "Confidential Information").

6.  The Confidential Information is critical to the Response. Contemporaneously with the filing of this Motion, Dr. Bäcker will file redacted versions of the exhibits to the Response.

**RELIEF REQUESTED**

7.  By this Motion, Dr. Bäcker seeks to protect the Confidential Information and requests that this Court enter an Order authorizing Dr. Bäcker to file under seal the exhibits that contain Confidential Information, and to not make them available to any party other than the Court, the Debtor, the U.S. Trustee, and the subchapter V trustee unless such party demonstrates

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

a legitimate need to obtain some or all of the Confidential Information, as applicable, and agrees to keep confidential the information sought.

8. Subject to this Court's approval, Dr. Bäcker has redacted the exhibits to the Response.

## ARGUMENT

**A.  This Court Should Protect the Confidential Information from Public Disclosure**

9. Section 107(b) of the Bankruptcy Code provides, "On the request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 provides, "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Assn v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (citations omitted).

11. Moreover, when the requirements of Rule 9018 are satisfied, the authority to issue a resulting order is broad (i.e., "any order which justice requires"). *In re Global Crossing, Ltd.*,

295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27 (citations omitted). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724-25 (noting that "the whole point of [Rule 9018(1)] is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

12. Courts have found that relief should be granted if the information sought to be protected is "commercial information," defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor,'" and disclosure of the information is reasonably expected to cause the entity commercial injury and unfairly benefit the debtor's competitors. *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27–28 (2d Cir. 1994) (internal quotations omitted); *see also In re Frontier Group, LLC*, 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (citations omitted) (holding names of physicians who worked for a debtor which operated an employment agency specializing in contracting physicians to work in emergency rooms of various client hospitals were confidential commercial information).

13. Here, Dr. Bäcker's Response relies on the information in the exhibits; however, the Confidential Information included in the exhibits refers to confidential commercial information, and should appropriately remain confidential in connection with the Court's consideration of the Motion.

4

14. Submitting the Confidential Information under seal will not prejudice the Debtor, any creditor, or other party in interest.

15. Accordingly, for the reasons set forth herein, Dr. Bäcker respectfully submits that the relief requested in this Motion is appropriate and necessary under the circumstances.

## CONSENT TO JURISDICTION

16. Pursuant to Local Rule 9013-1(f), Dr. Bäcker consents to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## CERTIFICATION OF COUNSEL

17. Pursuant to Delaware Bankruptcy Local Rule 9018-1(d)(iii), the undersigned counsel hereby certifies that he has conferred in good faith with counsel to the Debtor and reached agreement concerning the redaction of the exhibit to the Response, which must remain sealed from public view.

## NOTICE OF MOTION

18. Notice of this Motion will be given to: (a) the Debtor; (b) the subchapter V trustee; (c) the Office of the United States Trustee for the District of Delaware; and (d) all parties who would receive service under Rule 2002. Dr. Bäcker submits that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Dr. Bäcker respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 23, 2024<br>Wilmington, Delaware | */s/ Matthew G. Summers*<br>Matthew G. Summers (DE No. 5533)<br>Laurel D. Roglen (DE No. 5759)<br>BALLARD SPAHR LLP<br>919 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801-3034<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: summersm@ballardspahr.com<br>        roglenl@ballardspahr.com<br><br>*Counsel for Dr. Alex Bäcker* |